Filed 9/4/20  Marriage of Kester CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| In re the Marriage of ANGELA and WADE KESTER. | |
| ANGELA KESTER,<br><br>        Respondent,<br><br>v.<br><br>WADE KESTER,<br><br>        Appellant. | E071836<br><br>(Super.Ct.No. FAMVS1702403)<br><br>OPINION |

APPEAL from the Superior Court of San Bernardino County.  Guy A. Bovee, Temporary Judge.  (Pursuant to Cal. Const., art. VI, § 21.)  Affirmed.

Bowler & Bowler and Sean M. Bowler for Appellant.

Law Offices of Valerie Ross and Valerie Ross for Respondent.

Appellant Wade Kester (Husband) appeals from the request for order (RFO) filed by respondent Angela Kester (Wife) granting temporary child and spousal support to Wife in their dissolution proceedings.  The trial court determined that it was in their child's best interest to deviate upward from the guideline child support computed

1

pursuant to Family Code section 4055.[1]  The trial court, referencing section 4056, determined that child and spousal support should be more than the guideline relying on Husband's sporadic withdrawals of principal from a T. Rowe Price investment account (TR Account) which was gifted to him by his late father and was his separate property.

In this appeal, Husband claims (1) the trial court abused its discretion by granting child support in excess of the guideline support relying upon section 4056; and (2) the trial court erred by awarding spousal support relying on section 4056, which only applies to child support.

## FACTUAL AND PROCEDURAL HISTORY

### A.     FIRST REQUEST FOR ORDER

Wife and Husband were married on December 26, 2013.  They had one child, A.K., born on June 7, 2014.  On August 4, 2017, Wife filed for a dissolution of their marriage.  Husband and Wife were still living together in the family home.

On November 17, 2017, Wife filed her first request for order to determine child and spousal support, child custody and visitation and attorney fees.  There were no current orders in place.  Husband and Wife lived in the family home that she estimated was valued at $400,000 and Husband owned other property estimated to be worth $200,000.  There was no mortgage on the family home.  Husband's income greatly exceeded Wife's income.  She earned approximately $3,500 each month and she

---

[1]  All further statutory references are to the Family Code unless otherwise indicated.

estimated Husband earned $7,000. Wife paid approximately $758 each month for childcare.

Husband filed a response to the original request for order. He contended that child support should be an order of guideline child support after Wife moved out of their residence and the timeshare percentage was known. He objected to any payment of spousal support or attorney fees.

Husband provided an income and expense declaration. He listed his income as approximately $5,000 each month. He had two other children for which he paid $955 each month. His monthly expenses were $3,821. Husband declared that since he and Wife were still living together, it was difficult to determine what Wife's expenses would be once she moved out.

A hearing was conducted on January 25, 2018, on the first request for order. Wife's counsel argued that Husband was not honest about his income. He was being paid $1,025 a month in rental income and the mortgage on the rental property was only $595. Further, he did not disclose that he had received an inheritance from his father. Part of that inheritance was the TR Account from which he withdrew $22,500 in December 2017. The trial court noted that the investment accounts had not been disclosed in the income and expense declaration filed by Husband. Husband responded he listed it in his assets, which totaled $1,145,000. All of the investment accounts were separate property inherited by Husband from his father.

An interim order was entered ordering that Husband pay $928 each month in child support, which was the guideline $549 per month plus $379 for a share of childcare

expenses. The trial court reserved jurisdiction on spousal support and timeshare percentage. Husband was ordered to pay $3,000 of Wife's attorney fees based on evidence that he had other income sources to pay the fees. More information on those accounts was requested in order for the trial court to determine if additional attorney fees should be paid by Husband.

### B.     REQUEST FOR ORDER

On September 19, 2018, Wife filed the RFO at issue here. She sought an order from the trial court modifying child support and visitation, spousal support, attorney fees, property control, visitation and appraisal of the family home and other property. A.K. spent the majority of her time in the care of Wife. Husband visited her on the weekends.

Wife sought to change the amount of child support based on her and A.K. moving out of the family home at the end of June. Wife had rented an apartment with a monthly rent of $1,400, while Husband remained in the home "mortgage free." (All caps. omitted.) Wife requested $7,500 in attorney fees pursuant to Family Code sections 270, 271 and 2030.

Wife provided an income and expense declaration. She again estimated Husband's income to be $7,000 each month from salary, rental income and investment income. Wife's monthly salary the prior month had been $4,675 but her average monthly salary was $3,706. Her expenses were $5,303 each month. She provided her paystubs.

C.    RESPONSIVE DECLARATION TO RFO

On October 22, 2018, Husband filed a responsive declaration to the RFO (Response).  Husband objected to the change in child support, the request for spousal support, the amount of visitation and the request to pay attorney fees.

Husband wanted to maintain the current visitation.  Husband wanted no change to the child support amount.  No spousal support was warranted because their incomes were similar with the inclusion of child support payments.  Husband agreed to an appraisal of the family home.  Husband objected to the amount he should pay for attorney's fees. Husband paid Wife $10,000 to help her move out of the family home.

Husband filed an income and expense declaration.  He worked maintenance/custodial for the Fontana School District.  He was paid $4,119.42 each month.  He had a second job, which paid him $518.  He received rental property income in the amount of $675, which only covered the expenses of the rental.  He estimated he had $1,000,000 in real and personal property.  He estimated his expenses each month to be $4,030.  He had paid $12,000 in attorney's fees to his own attorney.  He did not provide the details of the TR Account.

Husband's counsel also filed an argument of counsel regarding child support and hardship deduction.  Husband argued that there was no change in circumstances since the prior interim order that warranted a change to the guideline child support.  Wife having to pay rent did not change the calculation of child support.  Husband sought a hardship deduction for having to support his other two children.

5

D.    HEARING

The hearing on the RFO was conducted on October 23 and November 7, 2018. At the first hearing, Wife's counsel raised the issue that Husband had the TR Account valued at $275,000. Wife's counsel estimated that at a four percent interest rate it would yield a rate of return of $11,000 a year which was $916 a month.

At the next hearing, Wife's counsel argued that Husband should be imputed income for living mortgage-free in the family home. She estimated the rent amount on the home would be $1,400. Moreover, Wife's counsel contended that section 4058, which defined income to be considered for child support, was expansive and allowed for many things to be considered as income, including benefits through financial investments. Wife's counsel had subpoenaed the TR Account records and he had withdrawn $98,000 in 2016; $30,000 in 2017; and $30,000 so far in 2018. The account when given to Husband was valued at $330,000; it was currently valued at $290,000 despite the withdrawals. Wife's counsel argued that Husband had earned at least $40,000 on the TR Account. Husband's counsel countered that this was not properly considered income in calculating child support.

Wife's counsel also argued that Wife owed $4,387 in attorney fees and that she was unable to pay the amount. Husband had used his investment accounts to pay his attorney fees. Husband's counsel responded that without consideration of the TR Account, their incomes were similar.

Husband maintained that the Xspouse properly calculated child and spousal support. At the conclusion of the hearing, the trial court ordered that the two properties,

6

including the family home, be appraised.  The remaining issues were taken under submission.

The trial court filed a ruling on submitted matter on November 7, 2018.  It considered the RFO, Response, the child support and hardship deduction argument made by Husband's counsel, TR Account statements provided by Wife,[2] portions of Husband's 2016 tax return, and the Xspouse calculations.  The trial court also considered the current income and expense declarations filed by both parties.

The trial court first noted that the guideline child support calculation was $684 plus $379 for childcare expenses for a total of $1,063.  Temporary guideline spousal support would be zero.  However, the trial court found that Wife had rebutted the presumptively correct calculations justifying a deviation from the guideline calculations pursuant to section 4056.

The trial court first stated that Wife requested the court consider the fair market value of the family home based on Husband living rent- and mortgage-free in the residence in determining his income for child and spousal support.  Wife had used the fair market value based on her rent which was $1,400 per month.  The trial court noted that there would be an appraisal of the family home and found that such rental amount was speculative and that it would wait for the appraisal.

---

[2]  Wife augmented the appellate record with the TR Account documents.  Those records confirm that the balance of the account in September 2018 was  $290,746.43.  In 2015 the TR Account was valued at $325,908.48.  Husband had another account that was valued in 2018 at approximately $50,000.

The trial court then considered the TR Account. Husband received the fund in 2015 and made periodic withdrawals. He withdrew $98,000 in 2016; $30,000 in 2017; and $30,482 through September 2018. The average monthly withdrawal for 2018 was $3,426. The trial court stated, "The Court believes that while this appears to be a distribution of principal from that account to [Husband], there was no indication that these amounts were used by [Husband] for anything other than living expenses. Accordingly, the Court will consider this amount in deviating from the guideline amount of support." It found it was in the best interest of A.K. to share in these financial resources available to Husband. It stated, "[Wife] has successfully rebutted that presumptively correct calculation, justifying a deviation from the guideline calculations for child and spousal support, pursuant to Family Code [section] 4056."

The modified child support to be paid by Husband would be $1,157 plus the $379 for childcare for a total of $1,536 each month effective October 1, 2018. The trial court modified the temporary spousal support from zero to $795 each month effective October 1, 2018, based on all the previously referenced factors. The trial court in addressing attorney fees noted that the TR Account was valued at $273,469.66 as of September 2018. The trial court awarded Wife an additional $3,000 to pay for her attorney fees.

The court's "ruling on submitted matter" (all caps. omitted) was filed on January 25, 2019.

8

**DISCUSSION**

A.    ORDER ON CHILD SUPPORT

Husband contends the trial court could not consider the sporadic withdrawals of principal from the TR Account as income in determining the appropriate amount of child support because it was not listed as income under section 4058.  He also appears to contend that the case did not meet the exception of section 4056 and 4057.

" 'California has a strong public policy in favor of adequate child support.' "  (*In re Marriage of Sorge* (2012) 202 Cal.App.4th 626, 640 (*Sorge*).)  "A child support order is reviewed for an abuse of discretion."  (*In re Marriage of Schlafly* (2007) 149 Cal.App.4th 747, 753.)  In reviewing child support orders, the appellate court must determine " 'whether the court's factual determinations are supported by substantial evidence and whether the court acted reasonably in exercising its discretion'  [Citation.]  We do not substitute our own judgment for that of the trial court, but determine only if any judge reasonably could have made such an order.' "  (*Id*, at p. 753.)  We apply "the independent standard of review" to decide whether "the trial court followed established legal principles and correctly interpreted the child support statute.  (*In re Marriage of Alter* (2009) 171 Cal.App.4th 718, 731; *In re Marriage of Cheriton* (2001) 92 Cal.App.4th 269, 282-283, superseded by statute on other grounds as stated in *In re Marriage of Morton* (2018) 27 Cal.App.5th 1025, 1049.)

Courts are required to calculate child support under statutory guidelines.  (§§ 4052-4055.)  Section 4052 provides "The court shall adhere to the statewide uniform guideline and may depart from the guideline only in the special circumstances set forth in

9

this article." " 'The guideline amount of child support, which is calculated by applying a mathematical formula to the parents' incomes, is presumptively correct.' " (*Sorge*, *supra*, 202 Cal.App.4th at p. 641.)

Section 4053, subdivision (a), provides that in implementing the statewide uniform guideline, "A parent's first and principal obligation is to support the parent's minor children according to the parent's circumstances and station in life." Subdivision (d) provides, "Each parent should pay for the support of the children according to the parent's ability." Subdivision (e) provides "The guideline seeks to place the interests of children as the state's top priority."

Section 4058 provides the guidelines for establishing the income of each parent. Subdivision (a) of section 4058 provides, "The annual gross income of each parent means income from whatever source derived, except as specified in subdivision (c) and includes, but is not limited to, the following: [¶] (1) Income such as commissions, salaries, royalties, wages, bonuses, rents, dividends, pensions, interest, trust income, annuities, workers' compensation benefits, unemployment insurance benefits, disability insurance benefits, social security benefits, and spousal support actually received from a person not a party to the proceeding to establish a child support order under this article."

"A deviation from the guideline amount may be appropriate where '[a]pplication of the formula would be unjust or inappropriate due to special circumstances in the particular case.' " (*Sorge*, *supra*, 202 Cal.App.4th at p. 641.) Section 4056 provides in pertinent part that "(a) To comply with federal law, the court shall state, in writing or on the record, the following information whenever the court is ordering an amount for

support that differs from the statewide uniform guideline formula amount under this article:  [¶]  (1) The amount of support that would have been ordered under the guideline formula; [¶]  (2) The reasons the amount of support ordered differs from the guideline formula amount; [¶] (3) The reasons the amount of support ordered is consistent with the best interests of the children."

Here, the trial court first determined the guideline amount of child support using the Xspouse calculation and neither party has claimed it was incorrect.  Based on the guideline, the amount of child support that would need to be paid by Husband was $684 plus the child care expenses of $379 for a total of $1,063.  The family court then explained why it exceeded the guideline referring to the factors in section 4056.  It determined that it was in the best interests of A.K. to share in the financial resources of Husband.

Husband appears to contend that this determination improperly considered the TR Account principal withdrawals as income.  Husband relies on *In re Marriage of Henry* (2005) 126 Cal.App.4th 111.  In that case, the family court considered the equity in the wife's house as part of her income within the meaning of section 4058.  (*Henry*, at pp. 116-117.)  The appellate court noted that despite "income" being "broadly defined" it was not "limitless."  (*Id.* at pp. 118-119.)  It concluded, "Section 4058's 'but is not limited to' language does not reach so far as to include the increase in equity of a parent's residence, forcing the parent to sell or refinance the home in order to make court-ordered support payments."  (*Id.* at p. 119.)  Husband contends that his child and spousal support obligations were based on the trial court considering withdrawals from the TR Account

11

as income and such determination will force him to keep withdrawing from the account giving him an artificially high support order.

However, in this case, the family court did not include the TR Account withdrawals as income pursuant to section 4058. Rather, it followed the guidelines for child support and then determined that the TR Account was a special circumstance which warranted deviating from the guideline child support. We need not determine whether the TR Account was properly considered income as the trial court did not conclude this was income in calculating child support. Rather, its order implicitly concluded that application of the guideline support would be unjust or inappropriate within the meaning of section 4057 and the existence of the TR Account constituted a special circumstance which allowed for upward deviation of child support.

Section 4057, subdivision (a) provides "The amount of child support established by the formula provided in subdivision (a) of Section 4055 is presumed to be the correct amount of child support to be ordered." Section 4057, subdivision (b) provides "The presumption of subdivision (a) is a rebuttable presumption affecting the burden of proof and may be rebutted by admissible evidence showing that application of the formula would be unjust or inappropriate in the particular case, consistent with the principles set forth in section 4053, because one or more of the following factors is found to be applicable by a preponderance of the evidence, and the court states in writing or on the record the information required in subdivision (a) of Section 4056." The only applicable subdivision here would be (b)(5) of section 4057, which provides, "Application of the formula would be unjust or inappropriate due to special circumstances in the particular

12

case. These special circumstances include, *but are not limited to*, the following[.]" (Italics added.) None of the circumstances listed in section 4057, subdivision (b)(5)(A)-(D), are applicable here, but these include, children with special needs, if the child has two parents, or if there is equal time-sharing but one parent had more or less income to use for housing. (§ 4057, subdivision (b)(5)(A)-(D).)

In *County of Kern v. Castle* (1999) 75 Cal.App.4th 1442 (*Castle*), the husband inherited his mother's $1 million estate, which included a $240,000 lump sum. His child support obligation was $361 each month, which was based on the incomes of him and his wife. Husband was able to pay off most of his debt with the $240,000. He was able to live rent free and received rental income from properties he inherited. (*Id.* at pp. 1444-1446.) The family court concluded that the inheritance was not income and should be excluded from the guideline calculation of child support. (*Id.* at pp. 1447-1448.)

The appellate court first noted that pursuant to section 4058, cash or property obtained through an inheritance is not specifically covered by section 4058 as income. (*Castle*, *supra*, 75 Cal.App.4th at p. 1449.) The court concluded that the trial court had the discretion not to consider the inheritance as income because it was not listed as a source of income in section 4058 and that such gifts are properly not considered income. (*Id.* at pp. 1451, 1453.)

The appellate court then addressed the wife's contention that the trial court violated public policy by failing to take into account the father's inheritance in awarding child support because pursuant to section 4053, the child was to share in the lifestyle of both parents. (*Castle*, *supra*, 75 Cal.App.4th at p. 1454.) The appellate court agreed that

13

it was in the "best interests" of the child to share in the substantial assets husband received. The matter was remanded for the trial court to determine whether the inheritance should be considered in the child support obligation in order to assure the best interests of the child were served. (*Id.* at pp. 1457-1458.)

Here, the trial court rejected Wife's argument that Husband living rent-free justified a change from the guideline support amount and that he should be imputed with $1,400 a month in income. The trial court then considered Husband's investment income. It set forth the value of the TR Account and the amount of withdrawals from principal that Husband had made from 2016 through September 2018. The trial court concluded that despite the sporadic withdrawal of these amounts, the evidence supported that Husband used the money for living expenses. The trial court concluded that it would consider the withdrawals in deviating from the guideline support amount. It reasoned, "The Court finds that it is in the best interest of the child[] to use the amount referenced in paragraph 2 above to deviate from the guideline formula because these distributions have established an availability of financial resources to [Husband], such that it would be important for the child to be able to share in the availability of such resources in each party's household."

The trial court correctly followed the directives of section 4056. It listed the guideline child support, it stated the basis for deviating from the guideline support and that it was in the child's best interest to deviate from the support. The trial court properly determined that it would be unjust or inappropriate to allow Husband to benefit from the investment income but not share that income with A.K.

14

Husband insists that the unjust or inappropriate application exception of section 4057, subdivision (b)(5), does not apply because (1) it does not fit under the special circumstances listed under subdivision (b)(5)(A)-(D); and (2) it is not the type of "extraordinary" or "unusual" circumstances that the Legislature intended.

Section 4057, subdivision (b)(5)(A)-(D), provides that the exceptions are not limited to those listed. The trial court, within its discretion, could conclude that the amount of principal Husband was taking out of the TR Account each year was an "unusual" or "extraordinary" event that required a deviation upward from the guideline child support. We cannot conclude the trial court abused its discretion in reaching such conclusion. The trial court properly awarded child support to Wife in the amount of $1,536 each month.

### B. SPOUSAL SUPPORT ORDER

Husband further contends the trial court improperly considered section 4056 in awarding spousal support above the guideline support amount. Wife contends the trial court did not rely on section 4056 in deviating from the guideline support amount.

In deciding on temporary spousal support, which the trial court calculated after determining the proper child support, it only stated, "Considering all of the above-referenced factors, the Court orders the current temporary spousal support order modified," and increased it from zero to $795 each month. The trial court earlier stated, "The Court finds that [Wife] has successfully rebutted that presumptively correct calculation, justifying a deviation from the guideline calculations for child and spousal

15

support, pursuant to Family Code § 4056, as follows[:]" The trial court then awarded child support, spousal support, and attorney's fees.

" 'Temporary spousal support is utilized to maintain the living conditions and standards of the parties in as close to the status quo position as possible pending trial and the division of their assets and obligations.' " (*In re Marriage of Murray* (2002) 101 Cal.App.4th 581, 594.) A temporary spousal support is subject to review for abuse of discretion. (*In re Marriage of MacManus* (2010) 182 Cal.App.4th 330, 337.)

The trial court may adopt the guideline spousal support but is not bound by the statutory or locally adopted support guidelines. (*In re Marriage of Wittgrove* (2004) 120 Cal.App.4th 1317, 1327 ["The court is not restricted by any set of statutory guidelines in fixing a temporary spousal support amount"]; accord, *In re Marriage of Ciprari* (2019) 32 Cal.App.5th 83, 103-104.) "[I]n exercising its broad discretion, the court may properly consider the 'big picture' concerning the parties assets and income available for support in light of the marriage standard of living. [Citation.] . . . 'Ability to pay encompasses far more than the income of the spouse from whom temporary support is sought; investments and other assets may be used for . . . temporary spousal support.' " (*Wittgrove*, at p. 1327.)

Here, the trial court set the temporary spousal support in an amount higher than the guideline support referencing the factors it considered in deviating upward for child support. While the trial court cited to section 4056, which is applicable to child support only, it did not abuse its discretion by awarding temporary spousal support based on the money Husband received from the TR Account. The court's reference to section 4056

16

does not require reversal of the temporary spousal support order because the trial court had vast discretion to consider the TR Account in awarding spousal support. The trial court did not abuse its discretion in awarding spousal support.

## DISPOSITION

The order awarding temporary child and spousal support is affirmed. Wife is awarded her costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER

J.

We concur:

RAMIREZ

P. J.

McKINSTER

J.

17